Filed 9/21/23  P. v. Jenkins CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

<table>
<tr><td>

THE PEOPLE,

     Plaintiff and Respondent,

v.

DEMETRIUS LAVON JENKINS,

     Defendant and Appellant.

</td><td>

A166567

(San Mateo County
 Super. Ct. No. SC025470A)

</td></tr>
</table>

Defendant Demetrius Lavon Jenkins appeals from an order denying his petition to vacate his murder conviction and be resentenced under Penal Code[1] section 1172.6.[2]  Defendant contends at an evidentiary hearing held under section 1172.6, subdivision (d)(3), the trial court should not have admitted evidence of the transcript of his 1990 preliminary hearing without first requiring the prosecution to establish the unavailability of the

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

[2] Defendant filed his petition for resentencing under former section 1170.95, which the Legislature later renumbered section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We hereafter cite to section 1172.6 for ease of reference.

preliminary hearing witnesses.  We reject this contention and affirm the court's order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Two witnesses, Emile J. and Alisha S., testified at defendant's preliminary hearing held on November 27, 1990.[3]  On August 8, 1990, Emile and Alisha were in East Palo Alto.  Both observed defendant standing by the driver's side of a car talking to a "white guy" seated in the driver's side.  Then they heard a gunshot.

Following the shot, defendant said to the man in the car, " 'break yourself.' "  Emile J. understood this to mean, "you give up whatever you have on you."  He heard the man in the car respond, "I don't have nothing," and saw him roll up his window.  Emile told defendant, " 'Don't shoot.' "  Alisha indicated that "Everybody was like, 'Don't do it.' "  After defendant said, "break yourself," Emile saw the barrel of a gun "pointing toward the window."  Once the man rolled up the window, Emile and Alisha heard what sounded like a firecracker/second gunshot and Emile noticed the window was shattered.  Defendant ran away.  Following the shooting, the man in the car drove off and it looked like he was going to turn at a stop sign, but instead swerved, hitting a car.  A couple of hours later, defendant told Emile that "whoever did it was sick."

In a 2013 risk assessment report prepared for the Board of Parole Hearings, defendant stated he shot the victim because the victim would not give him money.  Similarly, in a 2016 risk assessment report, defendant recalled that after asking three times for money, he " 'got tired' " and " 'shot the man.' "

---

[3] We take the facts from the preliminary hearing transcript.

2

Following a preliminary hearing, an information was filed charging defendant with murder (§ 187) and attempted robbery (§§ 211, 664). It was further alleged defendant used a firearm in committing both offenses (§§ 12022.5, 1203.06), and the murder occurred during the commission of the attempted robbery (§ 190.2, subd. (a)(17)).

Defendant pleaded no contest to first degree murder and admitted the firearm allegation. On the prosecution's motion, the court dismissed the remaining count and allegations.

In April 1991, defendant was sentenced to 30 years to life in state prison.

Over 20 years later, on August 15, 2021, defendant filed a petition for resentencing under section 1172.6. After the prosecution conceded defendant had made a prima facie showing for relief, the trial court held an evidentiary hearing.

During the evidentiary hearing, over defendant's objection, the court admitted evidence of the preliminary hearing transcript and defendant's statements to the parole board.[4] Defendant argued the preliminary hearing transcript was not admissible unless the prosecution established the witnesses whose testimony the prosecution intended to offer were unavailable in accordance with Evidence Code section 1291. The court rejected defendant's argument and ruled the preliminary hearing transcript was admissible regardless of the availability of the witnesses.

After hearing arguments from counsel, the court denied defendant's section 1172.6 petition. The court explained it had reviewed all the evidence "with particular weight given to the preliminary hearing transcript

---

[4] Because defendant does not challenge the admissibility of his statements to the parole board, we will not address their admissibility.

3

specifically the witness' statements concerning their testimony of observing the defendant fire the firearm at extremely close range at the victim . . . ." The court also noted the witness's statements were "given further context by the admitted [parole] risk assessments as well as the defendant's statement here in court," explaining "his motivations and why the shooting occurred." Lastly, the court found there was no reason to vacate and resentence on any count because all the evidence was "sufficient" to support the first degree murder conviction.

## II. DISCUSSION

Section 1172.6, subdivision (d)(3) provides: "The admission of evidence in the [evidentiary] hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial *that is admissible under current law*, including witness testimony, stipulated evidence, and matters judicially noticed." (Italics added.)

Defendant contends the trial court erred at his evidentiary hearing on his section 1172.6 petition by admitting the preliminary hearing testimony of percipient witnesses Emile J. and Alisha S., because the language of subdivision (d)(3) restricts the use of testimony given in a prior preliminary hearing to testimony "that is admissible under current law." Under current law, he argues prior testimony is admissible pursuant to Evidence Code section 1291, subdivision (a) if, among other requirements, the "declarant is unavailable as a witness." Thus, defendant concludes, at the evidentiary hearing held pursuant to section 1172.6, the prosecution was required to establish the unavailability of the preliminary hearing witnesses before introducing the 1990 preliminary hearing transcript into evidence. Because the prosecutor did not prove, or even attempt to prove the two witnesses who

4

testified at the preliminary hearing were unavailable to testify at the evidentiary hearing, defendant maintains the prior testimony was inadmissible hearsay. According to defendant, the trial court based its ruling primarily on the preliminary hearing transcript and defendant's statements to the parole board merely provided "further context" for its ruling. Had the preliminary hearing transcript been excluded, defendant claims there is a reasonable probability defendant would have achieved a more favorable result.

This argument was recently rejected in *People v. Cody* (2023) 92 Cal.App.5th 87 (*Cody*). In *Cody*, the trial court relied on the 2012 trial transcripts at the section 1172.6 hearing.[5] As the *Cody* court explained, section 1172.6, subdivision (d)(3) provides: " 'The admission of evidence in the hearing shall be governed by the Evidence Code . . . .' [Citation.] If the Legislature had stopped there, then we would likely agree with [the petitioner's] interpretation of the statute. That is, we would find the prosecution is required to make a showing of witness unavailability under Evidence Code section 1291, before the trial court admit the former testimony of witnesses at the evidentiary hearing. However, the law has an explicit exception that provides for the admission of former testimony: 'The admission of evidence in the hearing shall be governed by the Evidence Code, *except that* the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including *witness testimony* . . . .' (§ 1172.6, subd. (d)(3), italics added.)" (*Cody*, at p. 104.)

---

[5] We see no reason to distinguish between the admissibility of a trial transcript and a preliminary hearing transcript in a section 1172.6 evidentiary hearing, nor do the parties posit any reason to do so.

*Cody* further reasoned that section 1172.6 "does contemplate that there may be some evidence that was admitted at a former trial that would <u>not</u> be admissible under current law. (See, e.g., *People v. Sanchez* (2016) 63 Cal.4th 665, 686 [an expert cannot relate case-specific out-of-court statements to support the expert's opinion].) However, that does not mean that all witness testimony at a prior trial cannot be admitted without the prosecution making a showing of witness unavailability." (*Cody, supra*, 92 Cal.App.5th at p. 104.) Lastly, the court explained that adopting the petitioner's interpretation "would mean that all section 1172.6 evidentiary hearings would effectively become new court trials," a result "that is plainly <u>not</u> what the Legislature intended." (*Id.* at p. 104, citing *People v. Clements* (2022) 75 Cal.App.5th 276, 297.)

We agree with *Cody*'s reasoning and reject defendant's arguments to the contrary. Accordingly, the trial court did not err in allowing the prosecution to introduce the 1990 preliminary hearing transcript into evidence without requiring compliance with Evidence Code section 1291, subdivision (a).

### III. DISPOSITION

The judgment is affirmed.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BOWEN, J.*

A166567
*People v. Jenkins*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.